UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

COLUMBIA PICTURES INDUSTRIES,
INC., *et al.*,

        Plaintiffs,

v.

BEN FYSH,

        Defendant.
_____/

Case No.  5:06-CV-37

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Plaintiffs' Motion for Entry of Default Judgment pursuant to Federal Rule of Civil Procedure 55.

**I.  BACKGROUND**

On July 8, 2006, Defendant Ben Fysh was personally served with Plaintiffs' Amended Complaint and Summons in Doncaster, England.  Despite being properly served with civil process, *see* FED. R. CIV. P. 4(f), Defendant has failed to timely appear, plead or otherwise defend.  The Court entered default against Defendant on September 27, 2006.  Default established Defendant's liability for the well-pled allegations in Plaintiffs' Amended Complaint.  *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995).

Plaintiffs then moved this Court to enter a Default Judgment against Defendant.  After reviewing the Amended Complaint, the Court found questions existed as to whether the Court had proper jurisdiction over the matter and if the Western District of Michigan was the proper venue. The Court then ordered Plaintiffs to show cause in writing as to whether this Court has jurisdiction of the subject matter pursuant to Federal Rule of Civil Procedure 12(h)(3) and whether venue may

be proper a in different district where the action might have been brought pursuant to 28 U.S.C. § 1404(a).  Plaintiffs timely responded to the Order to Show Cause and argued that the Court has proper subject matter jurisdiction, personal jurisdiction and venue is proper in the Western District of Michigan.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b) governs the entry of default judgment.  Rule 55(b)(2) provides in pertinent part that judgment by default, when the amount is not for a sum certain, may be entered as follows:

> **(2)  By the Court.**  In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein . . ..

Rule 55(b)(2) does not set forth a standard to be applied in determining when a party is entitled to a judgment by default.  The case law makes clear, however, that the court is to exercise "sound judicial discretion" in determining whether a default judgment should be entered.[1]  CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, 10A FEDERAL PRACTICE & PROCEDURE § 2685 (3rd ed. 1998) (citing cases).

## III.    DISCUSSION

A.    Jurisdiction

After review, the Court finds that it has proper jurisdiction to enter a default judgment against Defendant.  The Court has proper subject matter jurisdiction pursuant to 28 U.S.C. § 1338, which

---

[1] The Court may conduct a hearing but is not required to do so.  FED. R. CIV. P. 55(b)(2). Given that Plaintiffs have attached reference material to their Motion and because Defendant has failed to appear, the Court finds such an *ex parte* hearing unnecessary.

gives district courts original jurisdiction over civil actions arising under federal copyright law. As Plaintiffs brought this action under the federal Copyright Act, 17 U.S.C. § 501, subject matter jurisdiction is proper. Further, the Court has determined that it has specific, or limited, personal jurisdiction over Defendant. In determining whether personal jurisdiction exists over a defendant, a federal court must apply the law of the forum state, subject to the limits of the Due Process Clause of the Fourteenth Amendment. *Compuserv, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996) (citation omitted). "The defendant must be amenable to suit under the forum stat's long-arm statue and the due process requirements of the Constitution must be met." *Id*. (citation removed). Under Michigan's Long-arm statute, Mich. Comp. Law § 600.705, this question becomes one as Michigan's Long-arm statute "extends to the limits imposed by federal constitutional requirements." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992).

The Sixth Circuit has employed a three-part test to determine whether personal jurisdiction is appropriate: (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). "The operation of an Internet website can constitute the purposeful availment of the privilege of acting in a forum state under the first *Mohasco* factor 'if the website is interactive to a degree that reveals specifically intended interaction with the residents of the state.'" *Bird v. Parsons*,

289 F.3d 865, 874 (6th Cir. 2002) (quoting *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890 (6th Cir. 2002)).

In the present case, Defendant operated and profited from a website that was 'interactive.' Defendant's website required users to download indexed hash files which corresponded to copyrighted movies or television programs. (Am. Compl. ¶¶ 23-26.) Defendant's website also allowed users to post their own hashes on his website and allowed users to acquire login names to accomplish this. (*Id*. ¶¶ 23-25.) Moreover, the server which hosted Defendant's website, and which he leased, is physically located in this District and Michigan residents did download copyrighted movies or television programs. Therefore, where Defendant's website was interactive to such a degree that it is clear he specifically intended interaction with Michigan residents, the Court holds it has limited personal jurisdiction over Defendant.

B.   Entry of Default Judgment

Plaintiffs have established Defendant's liability for the well-pled allegations in Plaintiffs' Amended Complaint. *Antoine v. Atlas Turner, Inc*., 66 F.3d 105, 110-11 (6th Cir. 1995). Therefore, the default establishes Defendant's liability for wilful copyright infringement by operating his website which knowingly induced, caused and contributed to unauthorized reproduction and distribution of copyrighted motion pictures and television programs. Plaintiffs requests this Court impose statutory damages as provided in Section 504 of the Copyright Act in the amount of $20,000.00 for each of the eight alleged infringements, therefore totaling $160,000.00. *See* 17 U.S.C. § 504(a)(2)-(c) (allowing recovery of not less than $750.00 or more than $30,000.00). Plaintiffs also request a permanent injunction against Defendant pursuant to Section 502 of the Copyright Act. *See* 17 U.S.C. § 502(a) (stating "Any court having jurisdiction of a civil action

arising under this title may, subject to the provision of section 1498 of title 28, grant * * * final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright").

Although Plaintiffs request more than the minimum in statutory damages, the Court finds that such a request is warranted.[2] Defendant wilfully operated his website instructing users how to download copyrighted movies and television programs, enabling users to do so, and allowed users to post their own links. (Am. Compl. ¶ 26.) Defendant subsequently transferred the operation of the website to another individual, allowing the infringement to continue. (Nguyen Decl. ¶ 11). Moreover, Defendant was actively involved policing the website by deleting offensive posts and pornography. (*Id*.) This evidences Defendant's wilful infringement because although within his control to delete the hash links and disable the infringement, he chose not to do so.

Therefore, the Court finds statutory damages in the amount of $20,000.00 per infringement proper under the statute and circumstances, and hopes that such an award will deter and discourage others from operating like websites. *See Coleman v. Payne*, 698 F. Supp. 704, 707 (W.D. Mich. 1988). The Court also notes Plaintiffs assert that the eight instances of copyright infringement which they allege were likely not the only infringements which occurred. Indeed, given the vast audience this website could reach, the Court agrees with Plaintiffs' argument.[3]

---

[2]The Court may conduct a hearing but is not required to do so. FED. R. CIV. P. 55(b)(2). Given that Plaintiffs have attached reference material to their Motion and because Defendant has failed to appear, the Court finds such an *ex parte* hearing unnecessary.

[3]The Court also recognizes Plaintiffs' argument that although actual damages need not be shown to be entitled to an award of statutory damages, lost profits may be considered. *See Los Angeles News Serv. v. Reuter Tv Int'l,* 149 F.3d 987, 996 (9th Cir. 1998).

C.    Injunctive Relief

As to Plaintiffs' request for injunctive relief, the Court finds it is proper to issue a permanent injunction prohibiting Defendant and his respective agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert with him, from:

> (1) aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the unauthorized reproduction, downloading, uploading, and/or distribution of copies of Plaintiffs' copyrighted works, whether using Defendant's website or by any other means; and
>
> (2) downloading, uploading, and/or otherwise reproducing or distributing Plaintiffs' copyrighted works, whether using eDonkey network or by any other means.

(See Mot. at 2-3.)

### IV.    CONCLUSION

Therefore, the Court will grant Plaintiffs' Motion for Entry of Default Judgment against Defendant. The Court finds that a statutory award for damages in the amount of 20,000.00 per act of infringement, for a total award of 160,000.00, is appropriate. Further, the Court will grant Plaintiffs' request for a permanent injunction against Defendant as detailed above. A Judgment and Permanent Injunction in accordance with this Opinion shall issue.

Dated in Kalamazoo, MI:                    /s/Richard Alan Enslen
February 16, 2007                           Richard Alan Enslen
                                            Senior United States District Judge